[734 NYS2d 604]

In the Matter of CAMILLA VON BERGEN (Admitted as CAMILLA WARE VON BERGEN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 17, 2001

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing six charges of professional misconduct against her. In her answer, she admitted some of the factual allegations contained in the petition, but denied that she was guilty of any professional misconduct. After a hearing, the Special Referee sustained all six charges. The Grievance Committee now moves to confirm Special Referee's report. The respondent has not submitted any papers in opposition or in response to the motion.

Charge One alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by converting client funds:

In 1993 Claire Moretti retained the respondent to represent her in a matrimonial action. Pursuant thereto, Ms. Moretti's husband, Alan Moretti, gave the respondent $2,500 to be held in escrow for the purchase of a car by Ms. Moretti. The $2,500 was deposited into the respondent's escrow account in December 1993.

In April 1994, Alan Moretti consented to the release of $1,200 of the $2,500 to Claire Moretti in return for her agreement to execute a joint tax return that he wished to file. In September 1994, the respondent withdrew the remaining $1,300 from her escrow account and distributed it to herself as payment toward legal fees that she claimed Ms. Moretti owed her. Ms. Moretti did not consent to apply the remaining escrow funds toward her outstanding bill for legal services.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]):

By a judgment of divorce dated October 18, 1994, Claire Moretti was awarded the proceeds of Alan Moretti's tax-deferred savings plan account (hereinafter the TDSP account). By letter dated November 7, 1994, the respondent advised Ms. Moretti that she would take no further action on her behalf until Ms. Moretti made arrangements to satisfy her outstanding legal bill. At that time, the respondent had not yet submitted a qualified domestic relations order (hereinafter QDRO) to the court and to the trustee of Alan Moretti's TDSP account for distribution thereof. Without further consultation with Ms. Moretti, the respondent submitted the QDRO for judicial ap-

proval in May 1996. After it was judicially approved, the respondent submitted a certified copy to the trustee of the TDSP account with a tax withholding and election form that required Claire Moretti's signature. Although the respondent had neither authorization from Ms. Moretti nor any applicable power of attorney, she executed the form on Ms. Moretti's behalf and submitted it to the TDSP trustee.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]):

In September 1996, the respondent contacted the trustee of the TDSP account to inquire about the distribution of the proceeds thereof. She was advised that they had been distributed by a check dated August 19, 1996, in the amount of $17,510.80. The respondent asked the trustee to cancel that check and forward a new check to her. The respondent subsequently received a check dated October 10, 1996, in the amount of $17,510.80, which represented the proceeds of the TDSP account. Although she had neither authorization from Ms. Moretti nor any applicable power of attorney, the respondent endorsed the check in Ms. Moretti's name and deposited it into her escrow account.

Charge Six alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by converting client funds:

After depositing the TDSP funds into her escrow account, the respondent deducted the claimed amount of her legal fees therefrom and distributed those funds to herself, without Ms. Moretti's consent.

Based on the evidence adduced at the hearing, including the respondent's admissions, all of the charges were properly sustained by the Special Referee except Charges Three and Five.

The respondent's prior disciplinary history consists of a letter of caution dated February 15, 2001, for neglecting a legal matter entrusted to her.

In determining the appropriate measure of discipline to impose, the Court considered the mitigating factors cited by the Special Referee, namely, that the client avoided contact with the respondent, that the respondent made extensive good faith efforts to communicate with her client, that the respondent was not motivated by venality, and that she had no intent to deceive or defraud her client.

Under the totality of the circumstances, the respondent is censured for her professional misconduct.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted insofar as Charges One, Two, Four, and Six are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, Camilla von Bergen, is censured for her professional misconduct.